IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK WEST,

        Plaintiff,                    No. 2:11-cv-1692 JFM (PC)

    vs.

RYAN PETTIGREW, et al.,           ORDER AND

        Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint filed June 22, 2011.  Plaintiff claims that defendants, all employees at California Medical Facility (CMF) in Vacaville, California, violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.  In support of his Eighth Amendment claim, plaintiff alleges that defendants refused to honor a medical chrono requiring plaintiff to be housed in a lower bunk due to back pain.  Plaintiff alleges that in November 2008  he fell off the top bunk to which he was assigned and was injured.  Plaintiff further alleges that after he fell he was again reassigned to a top bunk and was forced to sleep on the floor through December 2008.

        On February 16, 2012, plaintiff filed a motion for preliminary injunction.  The motion is based on allegations of events that took place on January 4, 2012 at California

1

1  Substance Abuse Treatment Facility (CSATF) in Corcoran, California, where plaintiff is

2  presently housed.

3       The legal principles applicable to a request for injunctive relief are well

4  established.  To prevail, the moving party must show either a likelihood of success on the merits

5  and the possibility of irreparable injury, or that serious questions are raised and the balance of

6  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

7  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

8  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

9  point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

10  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

11  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

12  court need not reach the issue of likelihood of success on the merits.  Id.

13       In cases brought by prisoners involving conditions of confinement, any

14  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

15  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

16  correct the harm."  18 U.S.C. § 3626(a)(2).

17       The principal purpose of preliminary injunctive relief is to preserve the court's

18  power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11

19  Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer

20  irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair

21  chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International,

22  Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International

23  Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit

24  in this required showing is that the relief awarded is only temporary and there will be a full

25  hearing on the merits of the claims raised in the injunction when the action is brought to trial.

26  In addition, as a general rule this court is unable to issue an order against individuals who are not

1    parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100

2    (1969).[1]

3            Because the claim raised in this instant motion is not cognizable as part of the

4    underlying complaint, this claim will not be given a hearing on the merits at trial.  Further, the

5    claim does not implicate this court's jurisdiction in a way that might justify application of the All

6    Writs Act to reach officials at CSATF who are not named in the underlying litigation.  See

7    footnote 1, supra.  For these reasons, plaintiff's motion for preliminary injunction should be

8    denied.

9            In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

10   Court is directed to assign this action to a United States District Judge; and

11           IT IS HEREBY RECOMMENDED that plaintiff's February 16, 2012 motion for

12   preliminary injunction be denied.

13           These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

15   days after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18   objections shall be filed and served within fourteen days after service of the objections.  The

19   /////

20   /////

21   /////

22

23   [1]  The fact that injunctive relief is sought from one not a party to litigation does not
     automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the

24   court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
     usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and

25   preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289
     (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in

26   appropriate circumstances against persons or entities not a party to the underlying litigation.
     United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

3

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: May 2, 2012.

4

5  UNITED STATES MAGISTRATE JUDGE

6

7  12

8  west1692.pi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4