IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK WEST,

    Plaintiff,                    No. 2:11-cv-1692 JFM (PC)

    vs.

RYAN PETTIGREW, et al.,        <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

                            /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed June 22, 2011. Plaintiff claims that defendants, all employees at California Medical Facility (CMF) in Vacaville, California, violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. In support of his Eighth Amendment claim, plaintiff alleges that defendants refused to honor a medical chrono requiring plaintiff to be housed in a lower bunk due to back pain. Plaintiff alleges that in November 2008 he fell off the top bunk to which he was assigned and was injured. Plaintiff further alleges that after he fell he was again reassigned to a top bunk and was forced to sleep on the floor through December 2008.

          On February 16, 2012, plaintiff filed a motion for preliminary injunction. The motion is based on allegations of events that took place on January 4, 2012 at California

1

Substance Abuse Treatment Facility (CSATF) in Corcoran, California, where plaintiff is presently housed.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not

parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).[1]

Because the claim raised in this instant motion is not cognizable as part of the underlying complaint, this claim will not be given a hearing on the merits at trial. Further, the claim does not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at CSATF who are not named in the underlying litigation. See footnote 1, supra. For these reasons, plaintiff's motion for preliminary injunction should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that plaintiff's February 16, 2012 motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

/////

/////

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1. parties are advised that failure to file objections within the specified time may waive the right to
2. appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3. DATED: May 2, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
west1692.pi