IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK WEST,

    Plaintiff,                    No. 2:11-cv-1692 JAM JFM (PC)

    vs.

R. PETTIGREW, et al.,              ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's first amended complaint, filed May 24, 2012. Plaintiff claims that defendants violated plaintiff's rights under the Eighth Amendment by refusing to house him on a lower bunk as provided for in a medical chrono issued by a doctor. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Defendants filed their motion to dismiss on August 27, 2012. By order filed October 24, 2012, defendants were directed to re-serve their motion on plaintiff at his new address of record, and plaintiff was directed to file an opposition to the motion within thirty days. On November 26, 2012, plaintiff filed a motion for an extension of time to file an opposition to the motion to dismiss and a motion for extension of time to file a second amended complaint. On November 29, 2012, defendants filed an opposition to plaintiff's motions. For the reasons set forth in these findings and recommendations, this court finds that defendants' motion to dismiss should be denied and will so recommend. Plaintiff's motions for extension of time are mooted by these findings and recommendations and will therefore be denied.

1

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint contains the following allegations.  In September 2008, "plaintiff was issued a medical chrono indicating by his medical doctor that due to plaintiff [sic] back condition plaintiff should be housed on a lower bunk and if an [sic] lower bunk is not accessible plaintiff should be transferred to an institution suitable for his medical condition." First Amended Complaint, filed May 24, 2012, at 4.  During that month, while he was housed in an upper bunk, plaintiff informed defendants Pettigrew, Gayson, Coyle and Ortega "that he had a medical chrono from his medical doctor, that shows he is supposed to be housed on a lower bunk, due to his medical condition, and climbing up and down the upper bunk hurted [sic] his lower back." Id. After plaintiff gave these defendants the chrono, "they agreed that the medical chrono was no good and refused to put in" for a bed move for plaintiff. Id.

From September through November 20, 2008, "plaintiff was forced to climb up and down (with no latter [sic]) from the top bunk and to sleep on the top bunk." Id.  On

1  November 20, 2008, plaintiff returned to his cell to retrieve a personal item. While he was
2  climbing up to the top bunk his back went out and he fell, injuring his lower back and left hip.
3  Plaintiff was taken to the medical clinic and given a shot of morphine for pain. Id. at 5. The
4  doctor also issued plaintiff a wheelchair because he "found plaintiff that plaintiff could not
5  longer walk", and he prescribed pain medication. Id. Plaintiff was taken back to his housing unit
6  and defendants Pettigrew, Gayson, Coyle and Nathan "continued to leave plaintiff to the upper
7  bunk" and failed to request a housing move for plaintiff before they left work. Id. Another
8  correctional officer moved plaintiff to a lower bunk later that day. Id. at 5-6.

9        A week or so later, plaintiff was rehoused in another unit in an upper bunk. Id. at
10 6. Plaintiff informed defendant Tayson that he could not be housed in an upper bunk because of
11 the fall. Id. Defendant Tayson told plaintiff that there were no lower bunks available and he
12 wouldn't be in the cell long. Id. Plaintiff observed that it made no sense to transfer him from the
13 lower bunk he had been in. Id. Defendant Tayson told plaintiff that the prison was overcrowded,
14 there were no lower bunks, and nothing could be done. Id.

15       From December 2008 through February 2009, plaintiff told defendants Brooks,
16 Moore, Broadman, and Fisher about the medical chrono for a lower bunk and that he was forced
17 to sleep on the floor and crawl on his knees to and from the cell. Id. He was rehoused to another
18 upper bunk only cell, and he informed these defendants again that he was forced to sleep on the
19 floor and crawl on his knees. Id. After plaintiff submitted his chrono to defendants Brooks, and
20 Moore, and, separately, to defendants Broadman and Fisher, they told plaintiff he would have to
21 sleep on the floor until a lower bunk opened up. Plaintiff experienced, inter alia, pain and
22 suffering as a result of these events. Id. at 10.

23                             DEFENDANTS' MOTION
24       Defendants contend that plaintiff has not stated a cognizable Eighth Amendment
25 claim against any of them. With respect to plaintiff's claim against defendants Pettigrew,
26 Gayson, Coyle, and Ortega, defendants contend first that plaintiff "has not sufficiently described

the health of his back in November of 2008, so the Court cannot make a determination about the objective seriousness of his risk for injury immediately before his fall." Motion to Dismiss, filed August 27, 2012, at 4. Defendants next contend that none of these defendants acted with deliberate indifference toward plaintiff and that plaintiff's allegations suggest that "these Defendants truly believed that a lower bunk was not necessary." Id. With respect to plaintiff's claim against defendants Tayson, Brooks, Moore, Fisher, and Broadman, defendants contend there are no allegations which suggest that they acted with deliberate indifference toward plaintiff. They also contend that plaintiff has not alleged that their acts or omissions caused any injury to plaintiff. Finally, all defendants contend that they are entitled to qualified immunity because plaintiff has failed to state a cognizable claim against any of them, and "because reasonable correctional officials would not have believed that placing Plaintiff in an upper bunk when no lower bunks were available would violated Plaintiff's Eighth Amendment rights." Id. at 6.

Plaintiff's Eighth Amendment claim against defendants has two prongs: the presence of a serious medical need and/or a substantial risk of harm, and deliberate indifference by defendants to that need and/or risk. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects and individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). "For a claim . . . based on a failure to prevent harm," plaintiff must allege that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, at 834. Plaintiff's allegations that a medical doctor issued a chrono for plaintiff to be housed in a lower bunk due to a back condition, and that he was instead housed on in an upper bunk, are sufficient to meet the first prong of his Eighth Amendment claim.
/////

4

Moreover, defendants' contention that plaintiff is required to include allegations about the health of his back in November 2008, just prior to his fall, is without merit. As noted above, on a motion to dismiss the court accepts the allegations of the operative complaint as true and construes those allegations in the light most favorable to the plaintiff. The court accepts as true that in September 2008 a medical chrono for a lower bunk was issued by a medical doctor for plaintiff as a result of a back condition and that plaintiff was not housed in an upper bunk between September 2008 and November 2008. Plaintiff also alleges that he still had the chrono on November 20, 2008, the day that he fell. See First Amended Complaint, at 5. The court also accepts that allegation as true. Taken together, those allegations are sufficient to support the first prong of plaintiff's Eighth Amendment claim: that he had a serious medical need and faced a substantial risk of harm from being housed in an upper bunk at all relevant times in this action, including the time proximate to the fall.

Defendants contention that plaintiff's allegations suggest that defendants were not deliberately indifferent but "truly believed" plaintiff did not need a lower bunk ignores the principles that govern construction of plaintiff's first amended complaint and is simply without merit. Viewed in the light most favorable to plaintiff, the allegation is that all four defendants agreed, without foundation, that plaintiff's medical chrono was "no good", and each of them refused to request a bed move for plaintiff. See First Amended Complaint, at 4. Deliberate indifference may be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, at 1059.) "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment...'" Jett, id. (quoting McGuckin, at 1059 (in turn quoting Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988)). Plaintiff's allegations are sufficient to support the second prong of his Eighth Amendment claim against defendants Pettigrew, Gayson, Coyle, and Ortega.

/////

With respect to defendants Tayson, Brooks, Moore, Fisher, and Broadman, plaintiff's allegations that they failed for three months to house him in a lower bunk despite knowledge of plaintiff's fall and knowledge of the chrono, that plaintiff was forced to sleep on the floor and crawl around his cell, and that this caused him pain and suffering are sufficient to support the deliberate indifference prong of plaintiff's Eighth Amendment claim.

Defendants seek dismissal on the ground that they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Resolving the defense of qualified immunity involves a two-prong analysis: courts look to whether the facts "show the officer's conduct violated a constitutional right," and "whether the right was clearly established" at the time of the alleged unlawful action. See Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled in part by* Pearson.[2] "'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' Saucier, 533 U.S. at 202, 121 S.Ct. 2151. The key inquiry is whether a reasonable person could have believed his actions lawful at the time they were undertaken. Anderson v. Creighton, 483 U.S. 635, 646, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)." Bull v. City and County of San Francisco, 595 F.3d 964, 1002 (9th Cir. 2010).

Defendants contend first that they are entitled to qualified immunity because plaintiff has not state a claim for violation of his Eighth Amendment rights. For the reasons set forth supra, this contention is without merit. Defendants also contend they are entitled to qualified immunity "because reasonable correctional officials would not have believed that

---

[2] In Pearson, the United States Supreme Court held that courts may exercise "sound discretion sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson at 236.

placing Plaintiff in an upper bunk when no lower bunks were available would violate Plaintiff's Eighth Amendment rights." Motion to Dismiss, filed August 27, 2012, at 6.  This argument is without merit.  First, overcrowding in a prison system does not excuse violation of an inmate's constitutional rights.  Cf., e.g., Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984) (Eighth Amendment violation may occur as a result of overcrowded prisons).  Second, plaintiff alleges that he was moved into and then out of a lower bunk cell in the week following his November 20, 2008 fall, and that he therefore questioned defendants when they told him there were no lower bunks available.  These allegations call into question defendants' assertion that there were no lower bunks available, which cannot be assumed true on this motion to dismiss.  For these reasons, this court finds that defendants have not established that they are entitled to qualified immunity.

For all of the foregoing reasons, defendants' motion to dismiss should be denied and defendants should be required to answer plaintiff's first amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 26, 2012 motion for extension of time to file a second amended complaint (Doc. No. 50) is denied;

2. Plaintiff's November 26, 2012 motion for extension of time to file an opposition to defendants' motion to dismiss (Doc. No. 51) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' August 27, 2012 motion to dismiss be denied; and

2. Defendants be directed to answer plaintiff's first amended complaint within fourteen days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
3 objections shall be filed and served within fourteen days after service of the objections.  The
4 parties are advised that failure to file objections within the specified time may waive the right to
5 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: January 7, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12
west1692.mtd