IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK WEST,

    Plaintiff,                     No. 2:11-cv-1692 JAM JFM (PC)

  vs.

R. PETTIGREW, et al.,

    Defendants.          <u>ORDER</u>

                                  /

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's first amended complaint, filed May 24, 2012. Plaintiff claims that defendants violated plaintiff's rights under the Eighth Amendment by refusing to house him on a lower bunk as provided for in a medical chrono issued by a doctor. Several matters are pending before the court.

I. <u>Plaintiff's Motion to Quash Subpoena</u>

On April 10, 2013, plaintiff filed a motion to quash a subpoena to produce documents served by defendants on Salinas Valley State Prison (Salinas Valley) (ECF No. 64). On April 26, 2013, defendants filed an opposition to the motion (ECF No. 67). On May 6, 2013, plaintiff filed a motion for an extension of time to file a reply (ECF No. 68), and on May 20, 2013, plaintiff filed a reply (ECF No. 69). Good cause appearing, plaintiff's motion for extension of time will be granted nunc pro tunc and plaintiff's reply deemed timely filed.

1

By the subpoena, defendants sought production of plaintiff's prison medical records from 1998 to the present; all inmate grievances and medical appeals filed by plaintiff from 1998 to the present; and the nonconfidential portion of plaintiff's central file, including all 115 disciplinary actions and 602 appeals. Plaintiff seeks to quash the subpoena on the grounds that, inter alia, it is "overly broad as to time and subject matter," seeks information not relevant to the claims at bar, and seeks information that is protected and privileged pursuant to plaintiff's privacy rights. Motion to Quash, filed April 10, 2013 (ECF No. 64) at 2-4.

Plaintiff's first amended complaint contains the following allegations. In September 2008, while incarcerated at California Medical Facility in Vacaville, California (CMF), "plaintiff was issued a medical chrono indicating by his medical doctor that due to plaintiff [sic] back condition plaintiff should be housed on a lower bunk and if an [sic] lower bunk is not accessible plaintiff should be transferred to an institution suitable for his medical condition." First Amended Complaint, filed May 24, 2012, at 4. During that month, while he was housed in an upper bunk, plaintiff informed defendants Pettigrew, Gayson, Coyle and Ortega "that he had a medical chrono from his medical doctor, that shows he is supposed to be housed on a lower bunk, due to his medical condition, and climbing up and down the upper bunk hurted [sic] his lower back." Id. After plaintiff gave these defendants the chrono, "they agreed that the medical chrono was no good and refused to put in" for a bed move for plaintiff. Id.

From September through November 20, 2008, "plaintiff was forced to climb up and down (with no latter [sic]) from the top bunk and to sleep on the top bunk." Id. On November 20, 2008, plaintiff returned to his cell to retrieve a personal item. While he was climbing up to the top bunk his back went out and he fell, injuring his lower back and left hip. Plaintiff was taken to the medical clinic and given a shot of morphine for pain. Id. at 5. The doctor also issued plaintiff a wheelchair because he "found plaintiff that plaintiff could no longer walk," and he prescribed pain medication. Id. Plaintiff was taken back to his housing unit and defendants Pettigrew, Gayson, Coyle and Nathan "continued to leave plaintiff to the upper bunk"

and failed to request a housing move for plaintiff before they left work. Id. Another correctional officer moved plaintiff to a lower bunk later that day. Id. at 5-6.

A week or so later, plaintiff was rehoused in another unit in an upper bunk. Id. at 6. Plaintiff informed defendant Tayson that he could not be housed in an upper bunk because of the fall. Id. Defendant Tayson told plaintiff that there were no lower bunks available and he wouldn't be in the cell long. Id. Plaintiff observed that it made no sense to transfer him from the lower bunk he had been in. Id. Defendant Tayson told plaintiff that the prison was overcrowded, there were no lower bunks, and nothing could be done. Id.

From December 2008 through February 2009, plaintiff told defendants Brooks, Moore, Broadman, and Fisher about the medical chrono for a lower bunk and that he was forced to sleep on the floor and crawl on his knees to and from the cell. Id. He was rehoused to another upper bunk only cell, and he informed these defendants again that he was forced to sleep on the floor and crawl on his knees. Id. After plaintiff submitted his chrono to defendants Brooks and Moore, and, separately, to defendants Broadman and Fisher, they told plaintiff he would have to sleep on the floor until a lower bunk opened up. Plaintiff experienced, inter alia, pain and suffering as a result of these events. Id. at 10.

Rule 26(b) of the Federal Rules of Civil Procedure provides in relevant part that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Plaintiff's medical records and his inmate medical appeals fall within the scope of discovery authorized by Rule 26(b)(1) and are discoverable in this action. Plaintiff's suggestion that production of these records should be limited to those medical records and

1  appeals arising from the alleged injuries to his lower back is without merit as plaintiff's claims
2  also place in issue the circumstances that led to issuance of the alleged chrono for a lower bunk.
3  However, in his motion to quash plaintiff contends that he did not enter the prison system until
4  January 29, 2007.  That fact is corroborated by the California Department of Corrections and
5  Rehabilitations' inmate locator website, http://inmatelocator.cdcr.ca.gov.[1]  In their opposition,
6  defendants respond that information responsive to the subpoena for years prior to 2007 will not
7  be produced if it does not exist.  Good cause appearing, the subpoena will be modified to require
8  production of the information requested by request numbers 1 and 2 in the subpoena for all
9  medical records and medical grievances or appeals filed by plaintiff in the possession of the
10 custodian of records at Salinas Valley State Prison commencing with the start of plaintiff's
11 incarceration in January 29, 2007, and including, if they exist, any medical records which pre-
12 date January 29, 2007 but were placed in plaintiff's prison medical file on or after that date.

13       The third request in the subpoena is for the nonconfidential portions of plaintiff's
14 central file.  Defendants contend that this file "constitutes the only known source of information
15 regarding Plaintiff's interactions with Defendants before, during and after the pertinent events."
16 Opposition to Motion to Quash, filed April 26, 2013 (ECF No. 67) at 2. Specifically, defendants
17 contend that

> [i]n order to investigate and analyze the reasons Defendants
> refused to provide a top bunk, they must examine Plaintiff's
> interactions with staff before and after the alleged denials.  For
> instance, the files will show how often Plaintiff complained about
> his bunk as opposed to other complaints.  The files will also show
> the physical activities that Plaintiff participated in during his
> incarceration.  For instance, if the files show that Plaintiff
> voluntarily participates in strenuous exercise or was disciplined for
> physically fighting with other inmates, it will certainly affect the
> reasonableness of Defendants' decision not to provide a lower
> bunk.  If the files describe instances where Plaintiff lied to officers,
> it will justify their disbelief of his complaints in this instance.

Id. at 6.  Defendants' justification for seeking review of plaintiff's central file rests on their own

---

[1] It is unclear whether plaintiff served a prior term of incarceration.

reasons for refusing to provide plaintiff a top bunk. Defendants' reasons for refusing to provide plaintiff a top bunk are within the scope of defendants' own personal knowledge and defendants do not need to review plaintiff's central file in order to "investigate" what those reasons were.[2] If defendants have personal knowledge of specific documents in plaintiff's central file that contain information on which they relied to deny plaintiff a top bunk, they may be permitted to subpoena those specific documents. In the absence of such a showing, however, the motion to quash this portion of the subpoena will be granted.

II. Further Proceedings

On July 1, 2013, plaintiff filed a motion to stay these proceedings pending ruling on his motion to quash (ECF No. 72). On July 18, 2013, defendants filed an opposition to the motion (ECF No. 74). On July 29, 2013, plaintiff filed a motion for extension of time to file a reply brief (ECF No. 75). On July 31, 2013, plaintiff filed a motion for extension of time to respond to interrogatories and for a continuance of his deposition (ECF No. 76). The latter motion is predicated on the pendency of plaintiff's motion to quash and "increased psychotic medication which makes the deposition unfair." Motion for Extension of Time, filed July 31, 2013 (ECF No. 76) at 1. Finally, on August 8, 2013, defendants filed a motion for an order extending the discovery and dispositive motions deadlines.

As discussed above, plaintiff's motion to quash is resolved by this order. Plaintiff's motion to stay is mooted by that order and will therefore be denied, as will his motion for extension of time to file a reply brief. Plaintiff's motion for extension of time to respond to interrogatories will be granted. In their motion, defendants state that plaintiff's deposition was cancelled. Good cause appearing, defendants' motion for new deadlines will be granted and
/////

---

[2] Moreover, here plaintiff alleges that he had a medical chrono for a lower bunk. If this is proved, defendants' alleged "disbelief of plaintiff's complaints" may have little or no evidentiary value in this proceeding.

defendants will be permitted to renotice plaintiff's deposition.[3] New deadlines for completion of discovery and filing of dispositive motions will be set in a revised scheduling order issued concurrently with this order.

On August 5, 2013, plaintiff filed an amended request for permission to serve a subpoena duces tecum on California Medical Facility (ECF No. 78).[4] Plaintiff does not need court permission to serve discovery requests and his amended request will therefore be denied without prejudice. However, review of the request at bar suggests that much of the discovery plaintiff seeks should be sought in the first instance by directing appropriate discovery requests to defendants. To the extent that plaintiff seeks information concerning other inmates, he has made no showing why he requires such information to prosecute this action.

III.  Motion for Appointment of Counsel

On July 1, 2013, plaintiff filed a motion for appointment of counsel (ECF No. 73). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

IV.  Plaintiff's "Ex Parte Emergency Notice"

On June 20, 2013, plaintiff filed a document styled "Plaintiff's Ex Parte Emergency Notice and Asking for Help" (ECF No. 70). The document contains a number of allegations concerning events at Salinas Valley on June 6, 2013, and concludes with a request not

---

[3] Plaintiff is cautioned that he may waive any claim of privilege with respect to his mental health records by claiming that his mental health precludes participation in his deposition.

[4] Plaintiff's initial request was filed on June 24, 2013 (ECF No. 71).

to dismiss this action if the court does not hear from plaintiff. Ex Parte Notice, filed June 20, 2013 (ECF No. 70) at 3. The allegations in the notice are unrelated to the claims raised in this action and plaintiff requests no specific relief from this court. The document will be disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 10, 2013 motion to quash or modify defendants' subpoena to produce documents (ECF No. 64) is granted as follows:

   a. Requests No. 1 and 2 are modified to require production of information responsive to the requests commencing with the start of plaintiff's incarceration in January 29, 2007, and including, if they exist, any medical records which pre-date January 29, 2007 but were placed in plaintiff's prison medical file on or after that date.

   b. Request No. 3 is quashed.

2. Plaintiff's May 6, 2013 motion extension of time to file reply (ECF No. 68) is granted and plaintiff's May 20, 2013 reply (ECF No. 69) is deemed timely filed.

3. Plaintiff's June 20, 2013 Notice (ECF No. 70) will be disregarded.

4. Plaintiff's July 29, 2013 motion for extension of time to file reply (ECF No. 75) is denied as unnecessary.

5. Plaintiff's July 1, 2013 motion to stay (ECF No. 72) is denied as moot.

6. Plaintiff's July 1, 2013 motion for appointment of counsel (ECF No. 73) is denied.

7. Plaintiff's July 31, 2013 motion for extension of time to respond to interrogatories (ECF No. 76) is granted. Plaintiff shall serve his responses to interrogatories within thirty days from the date of this order.

8. Plaintiff's August 5, 2013 motion to serve a subpoena duces tecum on California Medical Facility is denied without prejudice to plaintiff's right to propound discovery during the extended period of discovery set in the revised scheduling order that accompanies this order.

9. Defendants' August 8, 2013 motion for order extending discovery and dispositive motion deadlines (ECF No. 79) is granted. A revised scheduling order is issued concurrently with this order.

Dated: August 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12
west1692.disc