UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST,<br><br>        Plaintiff,<br><br>    v.<br><br>RYAN PETTIGREW, et al.,<br><br>        Defendants. | No.  2:11-cv-01692 JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiff Mack A. West's ("Plaintiff") Motion for Reconsideration by the District Court of the Magistrate Judge's Ruling (Doc. #111).[1] Defendants did not file an opposition. For the reasons set forth below, Plaintiff's motion is DENIED.

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2013,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 303(e). No hearing was scheduled.

1

Plaintiff filed a motion for appointment of counsel (Doc. #105). On December 5, 2013, the Magistrate Judge denied Plaintiff's request because the required exceptional circumstances were not present (Doc. #107).

## II.   OPINION

### A.   Legal Standard

The standard for a Motion for Reconsideration is governed by 28 U.S.C. § 636(b) and Local Rule 303.  The district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 363(b)(1)(A); E.D. Cal. L. R. 303(f).  The standard of review under § 636(b)(1)(A) is highly deferential; see United States v. Abonce-Barrera, 257 F.3d 959, 968-69 (9th Cir. 2001), and does not permit the reviewing court to substitute its own judgment for that of the magistrate judge's.  Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

### B.   Discussion

Plaintiff seeks reconsideration of the Magistrate Judge's order denying Plaintiff's motion for appointment of counsel.  A court may appoint counsel in a civil case under 28 U.S.C. 1915(d) only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Id. (citation omitted).

Plaintiff argues that the Magistrate Judge's order is clearly erroneous because it fails to take into consideration his physical and mental impairments.  In addition, he mentions that he has been appointed counsel in another case in the Eastern District of California, West v. Grounds, 2:09-cv-03147 KJM-AC. However, that case concerns a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and the magistrate judge made the finding that the case involved complex issues, including developing the facts of his equitable tolling claim.  West v. Grounds, 2:09-cv-03147 KJM-AC (Doc. #124). The case at hand is a civil rights lawsuit for violation of the Eighth Amendment and Plaintiff has not identified any particular issue of substantial complexity.  Further, Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims.

Accordingly, Plaintiff has not demonstrated that the Magistrate Judge's ruling is "clearly erroneous or contrary to law."

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Reconsideration of the Magistrate Judge's Ruling.

IT IS SO ORDERED

Dated:   January 10, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3