UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, | No. 2:11-cv-1692 JAM CKD P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & |
| RYAN PETTIGREW, et al., | RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Presently before the court are plaintiff's motions for preliminary injunction and for further extension of time to file an opposition to defendants' motion to compel, both filed on March 17, 2014. ECF Nos. 127, 128. For the reasons discussed below, the court will recommend that plaintiff's motion for preliminary injunction be denied and will grant plaintiff's motion for an extension of time.

I. MOTION FOR PRELIMINARY INJUNCTION

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692,

1

1 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th
2 Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point
3 being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any
4 formulation of the test, plaintiff must demonstrate that there exists a significant threat of
5 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
6 court need not reach the issue of likelihood of success on the merits.  Id.
7       In cases brought by prisoners involving conditions of confinement, any preliminary
8 injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
9 court finds requires preliminary relief, and be the least intrusive means necessary to correct the
10 harm."  18 U.S.C. § 3626(a)(2).
11       Initially, the principal purpose of preliminary injunctive relief is to preserve the court's
12 power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11
13 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer
14 irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair
15 chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press
16 International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of
17 International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir.
18 1979).  Implicit in this required showing is that the relief awarded is only temporary and there
19 will be a full hearing on the merits of the claims raised in the injunction when the action is
20 brought to trial.
21       In addition, as a general rule this court is unable to issue an order against individuals who
22 are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395
23 U.S. 100 (1969).
24       Here, plaintiff seeks a preliminary injunction ordering a number of non-parties to refrain
25 from obstructing plaintiff's efforts to interview inmate witnesses currently housed in other prisons
26 for purposes of obtaining evidence in support of his claims against defendants.  Plaintiff further
27 seeks an injunction against the Warden and Litigation Coordinator at California Medical Facility
28 ("CMF"), both of whom are non-parties to this action, in connection with the alleged failure of

the medical and mental health staff at CMF to provide plaintiff with his mental health records, which he claims are needed to advance his claims against defendants.

Plaintiff makes no allegations in his motion for preliminary injunction with respect to the defendants named in this action. As stated above, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp, 395 U.S. at 112. Accordingly, plaintiff's motion should be denied for this reason alone.

Furthermore, the allegations in the motion at bar arise from events that occurred in late 2013 and early 2014, well after the 2008 incidents on which the action at bar is based, and are only tangentially related to plaintiff's cause of action. The allegations in the motion appear to be related to plaintiff's frustrations in trying to obtain certain discovery items. A preliminary injunction is an improper procedural device for granting plaintiff the relief sought. The Federal Rules of Civil Procedure provide plaintiff with a number of procedural devices which he can use in seeking to obtain the discovery items he identifies in his motion.

The motion also implicates plaintiff's right to access the courts. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. In order to demonstrate a cognizable threat to this right, plaintiff must present evidence that defendants by their acts will prevent him from bringing, or cause him to lose, an actionable claim of this type. Id.

Plaintiff has not made the required showing on the motion at bar. Specifically, the record before this court does not support a finding that plaintiff is threatened with irreparable harm by defendants to his ability to litigate this action.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief should be denied.

////

1   II. MOTION FOR AN EXTENSION OF TIME

2   Plaintiff has filed his third request for an extension of time to file an opposition to
3   defendants' December 11, 2013, motion to compel.  ECF No. 127.  Good cause appearing, the
4   request will be granted.  No further extensions of time will be granted.

5   III. CONCLUSION

6   Based on the foregoing, IT IS HEREBY ORDERED that:

7   1.  Plaintiff's request for an extension of time (ECF No. 127) is granted; and

8   2.  Plaintiff is granted thirty days from the date of this order in which to file an opposition
9   to the motion to compel.  No further extensions of time will be granted.

10  Furthermore, IT IS HEREBY RECOMMENDED that plaintiff's March 17, 2014 motion
11  for preliminary injunction (ECF No. 128) be DENIED.

12  These findings and recommendations are submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
14  after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
17  objections shall be served and filed within fourteen days after service of the objections.  The
18  parties are advised that failure to file objections within the specified time may waive the right to
19  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  Dated:  March 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE