UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, JR, <br><br>  Plaintiff, <br><br>  v. <br><br> RYAN PETTIGREW, et al., <br><br>  Defendants. | No. 2:11-cv-1692 JAM CKD P <br><br> ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, commenced this action in June 2011. (ECF No. 1.) Nearly four years later, the case proceeds on the Second Amended Complaint. (ECF Nos. 102, 130.)

In November 2013, this case was assigned to the undersigned Magistrate Judge. (ECF No. 103.) On April 28, 2014, having reviewed the extensive docket of this action and numerous recent filings by plaintiff, the undersigned issued a limiting order allowing plaintiff to file only certain documents and barring him from having more than one non-dispositive motion pending at a time. (ECF No. 142.) Plaintiff was cautioned that failure to comply with this order could result in a recommendation that this action be dismissed. (Id.)

/////

1

Despite this order, plaintiff continued to file frivolous motions and documents.  (See ECF Nos. 151, 153, 156, 157, 158, 159, 160, 161, 162.)  On August 1, 2014, the court advised defendants that they need not respond to plaintiff's non-dispositive motions unless so ordered.  (ECF No. 164.)

As summer turned to fall, plaintiff's frivolous filings continued.  (See ECF Nos. 168, 169, 170, 173, 177, 178.)  On November 20, 2014, the undersigned issued findings and recommendations as to defendants' motion to dismiss pursuant to Rule 12(b)(6).  (ECF No. 179.)  During the pendency of these findings, plaintiff continued to file frivolous documents in violation of the limiting order.  (ECF Nos. 185, 187, 190, 194, 196, 197, 199, 201.)  Currently pending is plaintiff's fifth motion for appointment of counsel, not including motions to reconsider previous denials of requests for counsel.  (ECF No. 205.)

On March 6, 2015, the district court adopted the findings and recommendations on defendants' Rule 12(b)(6) motion.  (ECF No. 204.)  Defendants have requested that plaintiff be sanctioned with dismissal under Rule 41(b), and the court has taken this request under advisement.  (ECF No. 183.)  At this point, in light of plaintiff's blatant disregard of the limiting order for the past eleven months, the undersigned considers whether Rule 41(b) dismissal is warranted.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Factors (1) and (2) weigh in favor of dismissal.  Id.; see also Malone v. U.S. Postal Service, 833 F.2d 128, 130-131 (9th Cir. 1987).  Factor (5) weighs against dismissal.

As to factor (3), defendants assert that, even though they need not respond to plaintiff's non-dispositive motions, they are still "bombarded by them" and need to review them, "which

2

takes up an inordinate amount of time and expense." (ECF No. 181 at 3.) By driving up the effort and expense required to litigate this action, plaintiff's weekly filing of frivolous documents is impairing defendants' ability to proceed to trial. See Pagtalunan, 291 F.3d at 642. Thus this factor weighs in favor of dismissal.

As to factor (4), the limiting order was a less drastic alternative to dismissal. The court warned plaintiff that failure to abide by the limiting order could result in this action being dismissed. See Chatman v. Johnson, 2008 WL 5412212 at *3 (E.D. Cal. Dec. 30 2008) (warning plaintiff satisfies requirement that court consider alternatives to dismissal) (findings and recommendations adopted by district court Feb. 17, 2009 and affirmed on appeal July 22, 2010), citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984). These tactics have not curbed plaintiff's zeal for frivolous filings. As to other alternative sanctions, "imposing fines or attorney fees would be wholly impracticable because plaintiff proceeds pro se and in forma pauperis and plaintiff has disregarded all prior warnings regarding sanctions, including the sanction of dismissal. These alternatives, therefore, are infeasible." Id. For these reasons, factor (4) weighs in favor of dismissal. Moreover, "[t]he alternative of dismissal without prejudice is unsatisfactory because permitting plaintiff to file anew at his whim would only consume yet more of the court's time that could be devoted to other cases on its already overburdened docket." Id.

Having considered the above factors, the undersigned concludes that dismissal with prejudice pursuant to Rule 41(b) is appropriate.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 205) is denied.

IT IS RECOMMENDED that this action be dismissed with prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

1   within the specified time may waive the right to appeal the District Court's order. Martinez v.

2   Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated: March 13, 2015

4                                        CAROLYN K. DELANEY

5                                        UNITED STATES MAGISTRATE JUDGE

11   2 / west1692.R41